■ JAY FINE et al., Respondents-Appellants, v 77 EAST 12TH OWNERS, INC., et al., Appellants-Respondents, et al., Defendants-Intervenors. — Order of the Supreme Court, New York County (Margaret Taylor, J.), entered August 16, 1983, which, among other things, dismissed plaintiffs' second and third causes of action, granted plaintiffs' application for a temporary injunction restraining and enjoining defendants from selling shares of stock for any cooperative apartments in premises 77 East 12th Street, New York City, and set the matter down for an immediate trial, unanimously modified, on the law, the facts and as a matter of discretion, to vacate the temporary injunction and, in place thereof, to grant plaintiffs 30 days after the entry of judgment herein to purchase their apartments at the discounted insider price and, except as so modified, affirmed, without costs. ¶ Plaintiffs are tenants in premises 77 East 12th Street, New York City. The defendants are the sponsors of an offering plan for the conversion of the premises to cooperative ownership and the corporation organized for the purpose of taking title to the premises once the cooperative conversion is completed. The action has been discontinued against the Attorney-General who, originally, was named as a party defendant. The intervenors-defendants are tenants who have entered into subscription agreements to purchase apartments. ¶ On or about October 1, 1981, the owners of the building (and the sponsors of the plan of cooperative ownership) submitted their plan to the Attorney-General. Numerous complaints were filed with the Attorney-General alleging a campaign to pressure and harass tenants to compel them to execute subscription agreements. Following an investigation the Attorney-General commenced a securities fraud action against the sponsors alleging failure to comply with the time requirements for postings, posting misleading and inaccurate information, fraudulent advertising, and the offering of illegal and discriminatory inducements to effect the entry into subscription agreements. That action was disposed of by a consent decree in the form of a permanent injunction which restrained the alleged illegal practices, the truth of which the sponsors neither admitted nor denied. While the decree permitted the cooperative conversion to go forward, it required that the proposed plan be amended from an eviction to a noneviction plan and that the sponsors pay to the Attorney-General the sum of $2,000 costs, presumptively to defray the expenses of the investigation. ¶ The sponsors thereafter filed an amendment converting the proposed plan of conversion to a noneviction plan. As an obvious inducement to tenants in occupancy, a 15% discount was offered to those who "choose to purchase their apartment[s] within the thirty (30) days immediately following the service of this Amendment". This action followed. The complaint contains three causes. The first cause alleges numerous violations of the law; the second alleges a failure to submit a report to the Attorney-General on the exterior condition of the building, prepared in accordance with Local Law No. 10, and with failure to include an attorney's opinion letter as to the tax consequences of the amendment from an eviction to a noneviction plan; and the final cause alleges that the building is subject to a mortgage insured by the Department of Housing and Urban Development (HUD) pursuant to which the prior written approval of HUD is required for a transfer of title and that such prior written approval has not been obtained. Simultaneously with service of the complaint plaintiffs moved for a temporary injunction. Defendants cross-moved to dismiss the complaint. Special Term granted the cross motion to dismiss to the extent of dismissing the second and third causes of action. It granted plaintiffs' motion for a temporary injunction restraining defendants from declaring the plan effective pending trial of the action, which it ordered to proceed within 10 days. All parties have appealed from that determination. ¶ We agree that Special Term properly dismissed plaintiffs' second and third causes of action. While we modify to vacate the

temporary injunction, we do so primarily for the reason that the rights of the intervenors-defendants may be prejudiced by delay if, at the trial of this action, it be determined that plaintiffs are not entitled to the declaration and permanent injunction which they seek. To insure that vacatur of the temporary injunction does not result in a forfeiture of plaintiffs' rights in the event that they are unsuccessful at the trial, we extend their time to purchase their apartments at the discounted insider price until 30 days after the entry of judgment in the pending action. Concur — Kupferman, J. P., Sullivan, Asch, Bloom and Milonas, JJ.